IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| INGRID P. BURDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0876-WS-B |
| | ) |
| MOBILE WORKS, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 28). The defendant has filed a brief and evidentiary materials in support, and the defendant declined the opportunity to respond. (Docs. 27, 29). After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion for summary judgment is due to be granted.

### BACKGROUND

According to the complaint, the plaintiff was employed by the defendant[1] from September 2005 to May 2006, during which time she was subjected to sexual harassment by two male crew workers in violation of Title VII. (Doc. 1). The defendant seeks summary judgment on the grounds that it was not the plaintiff's employer. (Doc. 28 at 6).

### DETERMINATIONS OF UNCONTROVERTED FACT

The defendant is a federally funded program that receives funds from the Department of Labor through the State of Alabama. Following Hurricane Katrina, the defendant received a grant, the funds from which were used to assist city and county

---

[1] The complaint identifies the defendant as "Mobile Works." (Doc. 1 at 1). The parties now agree that the defendant's correct name is "Mobile Works, Inc." (Doc. 26 at 1).

governments in cleaning up debris.  The defendant served as a conduit for these funds, referring individuals to city and county governments to work for them.  The plaintiff was one of these individuals.  (Doc. 28, Exhibit D, Raine Affidavit, ¶¶ III - V).

The defendant referred the plaintiff by way of a form identifying her employer as "City of Mobile Western Maintenance Division" ("the City").  The form provides for copies to be sent separately to the defendant and "the employer."  (Doc. 28, Exhibit E).

In an April 2006 letter she filed with the Court, the plaintiff stated that she worked for "the City of Mobile."  (Doc. 17).

The defendant did not exercise any management or supervisory control over the plaintiff.  (Doc. 28, Exhibit D, Raine Affidavit, ¶ VI).  A City employee gave the plaintiff's work team instructions on what to do.  (Doc. 28, Exhibit C, Plaintiff Deposition at 27).

The defendant was not the plaintiff's employer.  (Doc. 28, Exhibit D, Raine Affidavit, ¶ VI).

The defendant had no right of control over the two alleged harassers, including their hours of work, where they worked, what breaks they took, or any other measure of supervisory control.  (Doc. 28, Exhibit D, Raine Affidavit, ¶¶ VI - VII).

The only persons to whom the plaintiff complained were employees of the City. (Doc. 28, Exhibit C, Plaintiff Deposition at 26-27, 29-30; Doc. 17).

## CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district

court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied its responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.* "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted).

  As noted, the plaintiff has filed nothing in opposition to summary judgment. However, because Federal Rule of Civil Procedure 56(c) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). The quoted statement constitutes a holding. *Trustees of Central Pension Fund v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004). This rule does not allow a district court to enter summary judgment in favor of the defendant as to any claim presented in the complaint merely because the plaintiff has not opposed the defendant's motion for summary judgment as to that claim.

  However, the Court's review of an unopposed motion for summary judgment is less searching than it might be were the plaintiff to contest it. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Real Property*, 363 F.3d at 1101. Should this review reveal the defendant's entitlement to summary

judgment, the Court will not consider any legal or factual arguments the plaintiff could have, but has not, asserted in opposition.

"It shall be an unlawful employment practice for an employer ... to discriminate against any individual ... because of such individual's ... sex ...." 42 U.S.C. § 2000e-2(a). The term "individual" in this provision is limited to one who is (or was, or seeks to become) an employee of the employer. *Llampallas v. Mini-Circuits Lab, Inc.*, 163 F.3d 1236, 1242 (11th Cir. 1998); *see also* 42 U.S.C. § 2000e(f) ("The term 'employee' means an individual employed by an employer ...."). Thus, for the plaintiff to maintain an action against the defendant, the defendant must have been her employer and she its employee.

"We find no indication that Congress intended the words of the statute to have anything but their ordinary meaning as commonly understood. Absent guidance from the Supreme Court, we conclude therefore that the term 'employee' in cases under Title VII is to be construed in light of general common law concepts." *Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340-41 (11th Cir. 1982). The term "employee" is commonly restricted to one who "works in the service of another." Black's Law Dictionary 543 (7th ed. 1999). It is uncontroverted that the plaintiff did not work in the service of the defendant but rather worked in the service of the City.[2]

There are theories under which an entity for whom a plaintiff did not perform services can nevertheless be deemed the employer for purposes of Title VII. The plaintiff, however, has not invoked any of these theories, and her suit cannot be sustained in the face of an adequately supported motion for summary judgment on a theory she has not advanced.

In any event, on this record no such theory is tenable. Two entities may be

---

[2]The *Cobb* Court adopted a test for distinguishing employees from independent contractors. *See id.* at 341. That test applies when the plaintiff sues the entity for which it performed services and would have proved useful had the plaintiff sued the City, but it has no application here, where the plaintiff sued an entity for which it performed no services.

considered a single employer when they are "highly integrated with respect to ownership and operations," *Lyles v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999) (internal quotes omitted), but there is no such evidence in this case.  Two entities may be considered joint employers when "one company retains sufficient control over the terms and conditions of employment of the other entity's employees," *id*., but it is uncontroverted that the defendant had no such control over the plaintiff or other City workers.  A defendant may be considered the agent of the employer when the employer "delegates sufficient control of some traditional rights over employees to" the defendant, *id*., but there is no evidence of such a delegation, and the evidence is uncontroverted that no right of control was delegated to or retained by the defendant.[3]

In sum, the defendant has met its initial burden on motion for summary judgment of supporting its argument that there is no genuine issue of material fact as to whether it was the plaintiff's employer, and the plaintiff has failed to create such a genuine issue.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **granted**.  Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 19th day of February, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] It may be that these theories "concentrate on the degree of control an entity has *over the adverse employment decision on which the Title VII suit is based*." *Llampallas*, 163 F.3d at 1244-45 (emphasis added).  The plaintiff's suit is based on sexual harassment by co-workers and the failure of superiors to end the harassment after being advised of it.  It is uncontroverted that the harassment was by, and the reports of harassment made to, persons associated with the City and over whom the defendant had no right of control.